UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERIC HARRIS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. 4:16CV600 HEA |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent, | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court Petitioner's Motion to Vacate, Set Aside or Correct Sentence, [Doc. No 1]. The Eighth Circuit Court of Appeals allowed Petitioner to proceed on this successive habeas case, based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). On November 14, 2018, the Court entered a stay in this matter pending a decision by the Eighth Circuit Court of Appeals in *United States v. Hosea Swopes ,*No. 16-1797 (8th Cir. 2018). The Appellate Court has issued its opinion in *Swopes*. *See United States v. Swopes*, 886 F.3d 668, 670-71 (8th Cir. 2018) (en banc), *cert. denied*, 139 S. Ct. 1258 (Feb. 25, 2019), therefore, the stay in this matter is lifted. For the reasons set forth below, the Motion will be denied.

### **Procedural Background**

A federal grand jury sitting in St. Louis returned a four-count indictment against Petitioner on January 14, 2004, charging him with: (1) possession with

intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I); (2) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count II); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (4) being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g) (Count IV). On April 3, 2013, Petitioner elected to enter a plea of guilty, pursuant to a plea agreement, as to Count IV in exchange for the dismissal of the remaining counts.

On July 1, 2013, this court found that Petitioner was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and sentenced him to a mandatory minimum term of imprisonment of 180 months. A two-year term of supervised release was also imposed. Counts I, II and III were dismissed on motion by the United States.

No appeal of the conviction or sentence to the Eighth Circuit Court of Appeals was taken by Petitioner. The motion for post-conviction relief pursuant to 28 U.S.C. § 2255 was filed on July 28, 2014.

The Court denied the single claim for relief raised by Petitioner under principles and requirements set out in *Descamps v. United States*, 133 S.Ct. 2276 (2013).

Petitioner seeks relief based on the Supreme Court's decision in *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015), again attacking the classification of his Missouri burglary convictions as predicate ACCA violent felonies.

**Discussion**

Petitioner has numerous violent felonies, including: (1) burglary second degree of a dwelling place and building; (2) burglary second degree of a dwelling; (3) illegal sale of heroin; (4) robbery second degree; and (5) robbery second degree. Neither party disputed that the illegal sale of heroin conviction qualified as an ACC predicate.

While the Missouri burglary second degree convictions no longer qualify as predicate generic robberies for purposes of the enumerated clause of the Armed Career Criminal Act, *United States v. Naylor*, 887 F.3d 397, 399 (8th Cir. 2018) (en banc)), Petitioner's robbery second degree convictions continue to qualify as ACCA predicates. In *Swopes*, 886 F.3d at 670-71, the Eighth Circuit, sitting en banc, held that a Missouri second degree robbery conviction is a "violent felony" under the force clause, 18 U.S.C. § 924(c)(2)(B)(i). *Id.*; *United States v. Giles*, 776 F. App'x 920 (8th Cir. 2019).

Since Petitioner has two prior convictions for Missouri robbery second degree, which qualify as violent felonies; and one prior conviction for illegal sale of heroin, a serious drug offense, he has three predicate ACCA convictions.

3

In his first Section 2255 Motion, Petitioner argued that the robbery convictions cannot be used as predicate for the ACCA finding because he was not given an opportunity to contest the prior convictions with counsel, at sentencing, and therefore the original sentencing violated due process.

Petitioner's claims were found to be without merit in that case, *See Harris v. United States*, Cause Number 4:14CV13 23of c. The Revised Final Pre-Sentence Investigation Report, which was issued *prior to* the sentencing in this case, provided:

> **Chapter Four Enhancement:** The offense of conviction is a violation of 18 U.S.C. § 922(g), and the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. (Burglary Second Degree, Case No. 74-1686; Burglary Second Degree, Case No. 74-1687; Burglary Second Degree, Case No. 74-1688; Illegal Sale of Heroin, Case No. 78-0513; Robbery Second Degree, Case No. CR189-453FX; and Robbery Second Degree, Case No. 96CR004018). Therefore, the defendant is an Armed Career Criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). The offense level is 34. USSG § 4B1.4.

Petitioner does not challenge now and did not challenge at the sentencing hearing on July 1, 2013, the existence of the robbery-second and controlled substance convictions or whether they qualify as ACCA predicates. Sentencing Transcript ("S. Tr."), p. 3. *Swopes*, 886 F.3d at 671 (Missouri second-degree robbery statute requires proof that a defendant used physical force or threatened the immediate use of physical force, therefore, a Missouri conviction for second-

4

degree robbery qualifies as a violent felony under the ACCA); *United States v. Parker*, 929 F.3d 940 (8th Cir. 2019); *United States v. Jones*, 934 F.3d 842 (8th Cir. 2019) (prior Missouri conviction for "Illegal Sale of a Controlled Substance" under Mo.Rev.Stat. § 195.211 is a "serious drug offense" under the ACCA); *United States v. Hill*, 912 F.3d 1135, 1136-37 (8th Cir. 2019) (an offer to sell in Missouri is an offense "involving" the distribution of a controlled substance under § 924(e)(2)(A)(ii)).

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief. Petitioner's Motion to Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is therefore denied.

## **CERTIFICATE OF APPEALABILITY**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th

Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. Nos. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 2nd day of April, 2020.

                                                _____
                                                      HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE